FILED

February 24 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0408

DA 13-0408

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 60N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ROY LEE SMITH,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Second Judicial District,
In and For the County of Silver Bow, Cause No. DC-10-154
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Wade Zolynski, Chief Appellate Defender, Nicholas Domitrovich, Assistant Appellate Defender; Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant Attorney General; Helena, Montana

          Eileen Joyce, Silver Bow County Attorney; Butte, Montana

Submitted on Briefs:  December 10, 2014
Decided:  February 24, 2015

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Roy Lee Smith appeals from the judgment of the Second Judicial District Court, Silver Bow County. The issue on appeal is whether Smith was denied the right to counsel. We affirm.

¶3 In 2008, Smith was serving a sentence for criminal endangerment at the Butte Pre-Release Center. On July 2, 2008, he signed out for work and did not return. He was apprehended over a year later in New Orleans, Louisiana. On September 15, 2010, the State filed an information charging Smith with escape and filed a persistent felony offender (PFO) notice. Public defender Dan Miller was assigned to Smith's case.

¶4 At a status conference on April 21, 2011, both Miller and a second attorney, Brad Custer, appeared on behalf of Smith. Miller explained that he had met with Smith that morning and there was "a complete breakdown in communication between Mr. Smith and his counsel." Miller advised the District Court that Smith wished to proceed pro se. Smith then informed the court that he wished to proceed pro se in order to file several pretrial motions his attorneys had refused to file on his behalf. Were the case to proceed to trial, however, he wished counsel to represent him at trial. The District Court conducted a colloquy and permitted Smith to proceed pro se. Miller and Custer remained on the case as standby counsel.

2

¶5     Smith then filed a series of pro se motions and notices.  The District Court held a hearing on the motions at which Smith represented himself with Miller and Custer present as standby counsel.  At the hearing, the District Court granted Miller's motion to vacate the trial date, conditioned on Smith's waiver of speedy-trial rights "from this point forward."  The District Court appointed Miller and Custer to resume active representation of Smith and later denied all of Smith's pro se motions.  The defense subsequently requested another extension of the trial date and further waived speedy-trial rights.

¶6     With trial approaching, defense counsel again moved to continue the trial on the ground that a tentative plea agreement had been reached.  The motion was granted but no plea agreement was entered.  The defense again moved to continue, noting that Smith had already waived his speedy-trial right.  The defense then filed yet another motion to continue based on ongoing plea agreement negotiations.  The parties appeared for a final pretrial hearing with the indication that the defense was prepared to proceed to trial.

¶7     On the date of trial, the parties instead appeared for a change of plea.  The parties presented a signed plea agreement under which Smith agreed to plead guilty to escape, and the State agreed to drop the PFO notice and recommend a sentence of six years imprisonment to be served consecutive to Smith's existing sentence.

¶8     In both the signed acknowledgement of rights and at the plea colloquy, Smith indicated he had been advised of and understood the rights he was waiving as well as the consequences of waiving them. Particularly salient to the issue on appeal, Smith agreed that he understood that he was giving up the right to a speedy trial.  Smith further agreed that his guilty plea was voluntary, and that no threats, promises, or representations had been made to

3

induce the plea, other than those contained in the plea agreement. Smith said there were no communication problems with his attorneys. When asked if he was satisfied with the services of his attorneys, Smith responded, "Not entirely, Your Honor, but I feel like this is probably the best choice to make right now."

¶9 At the beginning of the sentencing hearing, Custer indicated to the District Court that he and Miller had spoken extensively with Smith regarding the plea agreement, and Smith had knowingly, intelligently, and voluntarily pled guilty. Nevertheless, Smith now stated he wished to withdraw his guilty plea. Smith then made an oral, pro se motion to withdraw his guilty plea.

¶10 Smith stated he wished to withdraw his guilty plea because of dissatisfaction with the services provided by Custer. Smith stated, "I was pushed into the plea agreement because Mr. Custer failed to advocate my position." Smith outlined two complaints he had with Custer's representation. First, Smith believed he had a good speedy trial claim, but Custer refused to file such a motion. Second, Smith believed he was factually innocent of the criminal endangerment charge for which he was serving his sentence when he escaped, and believed that his innocence of the criminal endangerment charge made him innocent of escape. Smith indicated a federal habeas corpus petition regarding the criminal endangerment conviction was pending and he believed it would ultimately be successful.

¶11 When the District Court asked Custer if he would like to address the issues raised by Smith, Custer indicated, erroneously, that Smith had already filed a pro se motion to dismiss on speedy trial grounds and it had been denied. Custer further indicated the criminal endangerment conviction was valid and he knew of no basis upon which to postpone

4

sentencing. When asked about Smith's sentencing, Custer requested that the court follow the recommended sentence in the plea agreement and reiterated that he had advised Smith of the full facts and consequences of a change of plea, and believed the plea was knowing, intelligent, and voluntary.

¶12 The District Court effectively denied Smith's motion to withdraw his guilty plea given that it proceeded to sentencing without explicitly ruling on his motion. Smith asks that we remand his case to the District Court for appointment of new counsel and a rehearing on his motion to withdraw his guilty plea.

¶13 Claims of ineffective assistance of counsel arising under Article II, Section 24 of the Montana Constitution and the Sixth Amendment of the United States Constitution present mixed questions of law and fact that this Court reviews de novo. *State v. Morsette*, 2013 MT 270, ¶ 18, 372 Mont. 38, 309 P.3d 978.

¶14 Smith claims his counsel was ineffective because he refused to move to withdraw Smith's guilty plea on Smith's behalf and argued against Smith's pro se motion to withdraw his guilty plea. The Sixth Amendment to the United States Constitution and Article II, Section 24 of the Montana Constitution guarantee a criminal defendant the right to the assistance of counsel. Mere representation by counsel is not sufficient, however; the assistance must be effective to give true meaning to that right. *State v. Jones*, 278 Mont. 121, 125, 923 P.2d 560, 562 (1996). The constitutional right to effective assistance of counsel is comprised of two correlative rights: the right to counsel of reasonable competence and the right to counsel's undivided loyalty. *Jones*, 278 Mont. at 125, 923 P.2d at 562. The Sixth Amendment contemplates the assistance of an attorney devoted solely to the interests

of his client, and this duty is perhaps the most basic of counsel's duties. *Jones*, 278 Mont. at 125, 923 P.2d at 562–63. A defendant claiming ineffective assistance of counsel due to a conflict of interest must show: (1) that counsel actively represented conflicting interests; and (2) that an actual conflict of interest adversely affected counsel's performance. *State v. Christenson*, 250 Mont. 351, 355, 820 P.2d 1303, 1306 (1991) (*citing Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S. Ct. 1708, 1719 (1980)).

¶15 Assuming Smith's argument is correct that Custer's statements at the sentencing hearing constituted an active conflict of interest, Smith has not shown that the alleged conflict adversely affected counsel's performance. If we assume, for the sake of argument, that Custer's statements to the court rebutted Smith's pro se motion to withdraw his guilty plea, this did not necessarily adversely affect Custer's performance.

¶16 To show that an actual conflict of interest adversely affected a lawyer's performance, a defendant must demonstrate that some "plausible alternative defense strategy or tactic might have been pursued, and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." *Lopez v. Scully*, 58 F.3d 38, 41 (2d Cir. 1995) (internal quotations omitted). In *Lopez v. Scully*, the Second Circuit dealt with almost identical circumstances. The defendant in *Lopez* attempted to withdraw his guilty plea at the sentencing hearing, and his appointed attorney argued against the motion. The Second Circuit held that while counsel's argument against his client's pro se motion amounted to a conflict of interest, the conflict did not adversely affect counsel's performance. *Lopez*, 58 F.3d at 42. The court reviewed the plea colloquy and determined that there was no likelihood of success for the defendant's motion to withdraw his guilty

6

plea. The court reasoned that, if successful, the withdrawal would have jeopardized the availability of a favorable plea agreement. *Lopez*, 58 F.3d at 42.

¶17 Our review of the record similarly convinces us that a motion to withdraw the guilty plea had no likelihood of success, and if successful would have jeopardized a plea agreement favorable to the defendant. In arguing against Smith's desire to withdraw his guilty plea, Custer may have created a conflict of interest, but it did not adversely affect Smith. To the contrary, it likely saved Smith from exposure to persistent felony offender status, which would have significantly increased his term of incarceration. As Custer noted:

> We want [Smith] to not be exposed to additional consequences as a result of erroneous thinking on his part regarding the law. I feel it's my duty as his attorney to advocate and make sure that we have an agreement; that it's honored. I also believe it's my duty to make sure that I'm minimizing risk of exposure to my client. And his actions potentially could create a more severe consequence, and I would prefer that not to happen.

¶18 There was no plausible basis for the District Court to grant Smith's motion to withdraw his guilty plea, nor was there anything for Smith to gain from doing so. Smith's speedy-trial violation claim is highly implausible given the numerous waivers of his speedy-trial rights coupled with the fact he was incarcerated for the duration of the proceedings under a pre-existing sentence. Smith's federal habeas corpus petition was denied after he was sentenced in this case, making his claims in that regard moot. In short, Smith's motion to withdraw his guilty plea, "lacked sufficient substance to be a viable alternative." *Lopez*, 58 F.3d at 42.

¶19    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The appeal has not demonstrated error for which Appellant is entitled to relief. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE